UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVA HENRY,

    Plaintiff,

v.                        CASE No. 8:15-CV-2338-T-17TGW

U.S. BANK,

    Defendants.

_____

REPORT AND RECOMMENDATION

This cause came on for consideration upon the plaintiff's Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 (Doc. 2). The plaintiff alleges that her mortgage is fraudulent because, among other reasons, she was not told that the mortgage payments would increase. Because the pleading is deficient, I recommend that the complaint be dismissed.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee, and a statement of the nature of the action which shows that she is

entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The plaintiff's complaint is a rambling, disjointed document that does not comply with the Federal Rules of Civil Procedure. It does not contain a plain statement of the claim, and certainly does not delineate the alleged causes of action into counts with the pertinent facts supporting each claim. See Rules 8(a), 10(b), F.R.Civ.P. Thus, the plaintiff asserts vaguely that the defendant's actions "violated the RESPA/TILA laws" (Doc. 1, p. 1). She does not identify the statutory provisions that were allegedly violated, or cite the mortgage contract language that supports her contentions.

The plaintiff also generally claims that the defendant "did other things which were fraudulent" (Doc. 1, p. 2). This conclusory allegation is also plainly insufficient. As indicated, the plaintiff, must, for each alleged violation, state a separate cause of action identifying the statutory provision that was violated, and listing the facts supporting that claim.

In sum, even construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the

plaintiff's complaint is procedurally deficient and fails to state a claim on which relief may be granted. Accordingly, the complaint should be dismissed. See 28 U.S.C. 1915(e)(2)(B)(ii). In this circumstance, however, it is appropriate to permit the plaintiff to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002)(§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Rule 15, F.R. Civ. P.). I therefore recommend that the complaint be dismissed, but allow the plaintiff to file within thirty days an amended complaint that complies with the Federal Rules of Civil Procedure.

                        Respectfully submitted,

DATED: October 13, 2015    THOMAS G. WILSON
                                   UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).